IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 5:17-CR-391-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN ANDREW PIPKIN, | ) | |
| | ) | |
| Defendant. | ) | |

On June 17, 2020, John Andrew Pipkin ("Pipkin") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum in support [D.E. 52]. As explained below, the court denies Pipkin's motion.

I.

On April 9, 2018, pursuant to a written plea agreement, Pipkin pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) (count one) and possession of a firearm in furtherance of a drug trafficking offense (count seven). See [D.E. 27] 4–6. On August 27, 2018, the court held Pipkin's sentencing hearing. See [D.E. 37, 39]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 40] 1; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Pipkin's total offense level to be 27, his criminal history category to be I, and his advisory guideline range to be 70 to 87 months' imprisonment on count one and 60 months' consecutive imprisonment on count seven. See PSR [D.E. 34] ¶¶ 57–59; [D.E. 40] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Pipkin to 70 months' imprisonment on count one and

60 months' consecutive imprisonment on count seven. See [D.E. 37, 39]. Pipkin did not appeal.

On July 18, 2019, Pipkin moved pro se for a sentence reduction. See [D.E. 41]. On March 9, 2020, Pipkin filed a second pro se motion for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. See [D.E. 46]. On June 1, 2020, the court held that Pipkin was not eligible for relief under the First Step Act. See [D.E. 48] 3. Alternatively, the court exercised its discretion and denied relief. See id. at 3–4. Pipkin appealed. See [D.E. 49]. On October 16, 2020, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Pipkin, 825 F. App'x 146, 147 (4th Cir. 2020).

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

2

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    >
    > (ii) The defendant is—
    >
    > > (I) suffering from a serious physical or medical condition,
    > >
    > > (II) suffering from a serious functional or cognitive impairment, or
    > >
    > > (III) experiencing deteriorating physical or mental health because of the aging process,
    >
    > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but

---

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Pipkin's request for compassionate release, Pipkin contends that he exhausted his administrative remedies. See [D.E. 52] 5–6. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Pipkin's claim on the merits.

Pipkin seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Pipkin cites the COVID-19 pandemic and his health conditions, including diabetes, hypertension, heart and vascular issues, swelling associated with fluid in his extremities, and that he suffered a minor heart attack in May 2020. See [D.E. 52] 4. Pipkin also cites the conditions at FCI Edgefield and his release plan. See id.; [D.E. 52-1].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Pipkin states that he

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

suffers from diabetes, hypertension, heart and vascular issues, swelling associated with fluid in his extremities, and that he suffered a minor heart attack in May 2020, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Pipkin serves his sentence.³ Accordingly, reducing Pipkin's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the conditions at FCI Edgefield, Pipkin's health conditions, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Pipkin's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Pipkin is 61 years old and engaged in serious criminal behavior between February and September 2016. See PSR ¶¶ 9–11. Pipkin was a drug trafficker in Erwin, North Carolina and distributed 234.57 grams of cocaine base (crack). See id. Pipkin also possessed a loaded .40 caliber handgun in connection with his drug trafficking activities. See id. Pipkin also is a recidivist with convictions for possession of marijuana (five counts), possession of drug paraphernalia (two counts), and common law conversion. See id. ¶¶ 16–21. Moreover, Pipkin has performed poorly on

---

³ Pipkin alleges in his motion for compassionate release that his health conditions require a modified diet and "therapeutic treatments" and that he cannot obtain these treatments at FCI Edgefield. See [D.E. 52] 4. Pipkin, however, presents no evidence to support these allegations. See id.

Case 5:17-cr-00391-D Document 58 Filed 03/25/21 Page 6 of 7

supervision and has a sporadic work history. See id. ¶¶ 17–18, 37–42. The court also has considered Pipkin's exposure to COVID-19, the conditions at FCI Edgefield, his health conditions, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 20190). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Pipkin, the section 3553(a) factors, Pipkin's arguments, and the need to punish Pipkin for his serious criminal behavior, to incapacitate Pipkin, to promote respect for the law, to deter others, and to protect society, the court declines to grant Pipkin's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Pipkin's motion for compassionate release [D.E. 52].

SO ORDERED. This 25 day of March 2021.

                                                JAMES C. DEVER III
                                                United States District Judge